IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| DARRELL McCLANAHAN, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:25-cv-05025-MDH |
| | ) | |
| DONALD J. TRUMP, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Plaintiff's *Pro Se* Motion for a Temporary Restraining Order ("TRO") (Doc. 2). Plaintiff is requesting this Court to enter a TRO enjoining Defendants from enforcing Executive Order 13899 and its expanded implementation on the grounds that it violates the First and Fifth Amendments to the United States Constitution. For reasons discussed herein, Plaintiff's motion for a TRO is **DENIED**.

In analyzing a request for a TRO, the Court weighs: 1) probability movant will succeed on the merits; 2) threat of irreparable harm to the movant absent injunction; 3) balance between threatened harm to the movant and harm the injunction would inflict on other interested parties; and 4) the public interest. *Dataphase Sys., Inc. v. C L Syst., Inc.*, 640 F.2d 109, 114 (8th Cir.1981) (en banc). "No single factor is dispositive;" rather, the court must consider all factors to determine whether on balance they weigh towards granting the remedy. *Calvin Klein Cosmetics Corp. v. Lenox Labs., Inc.*, 815 F.2d 500, 503 (8th Cir. 1987).

Plaintiff has failed to demonstrate that he is entitled to a TRO in this case. The Court is not persuaded that Plaintiff would face irreparable harm to the movant absent an injunction. Plaintiff states he "faces chilled speech, economic harm, and federal retaliation affecting his family's

Medicaid benefits and rural Development home loan. (Doc. 2, ¶ 13). However, no adverse actions have been taken against Plaintiff nor is there any indication that the Government will take adverse action in this case. The threat of irreparable harm to the movant absent and injunction is low.

The Court also finds that the balance between the threatened harm to the movant and harm the injunction would inflict on other interested parties, and the public interest, favors the Defendants. Plaintiff argues that the "government suffers no harm from delaying enforcement, while Plaintiff's constitutional rights remain at risk." (Doc. 2, ¶ 14). However, the Defendants have an interest in enforcing the laws of the United States and directing its own priorities in the accomplishment of that pursuit. Executive Order 13899 states "it shall be the policy of the executive branch to enforce Title VI against prohibited forms of discrimination rooted in anti-Semitism as vigorously as against all other forms of discrimination prohibited by Title VI. Exec. Order No. 13899, Fed. Reg. Doc. 2019-27217 (December 11, 2019). Additionally, the public interest is served by the enforcement of Title VI and the Government's pursuit of prohibit forms of discrimination rooted in anti-Semitism. The Court finds the balancing of equities and public interest favor Defendants. If Defendants seek economic harm or federal retaliation on Plaintiff based upon his speech or the current action, Plaintiff may refile his TRO.

## CONCLUSION

The Court having considered all factors to determine whether on balance they weigh towards granting a TRO, this Court finds entry of a TRO improper. For foregoing reasons, Plaintiff's *Pro Se* Motion for a TRO is **DENIED** without prejudice.

**IT IS SO ORDERED**.

DATED: April 8, 2025

                                                */s/ Douglas Harpool*
                                                **DOUGLAS HARPOOL**
                                                **UNITED STATES DISTRICT JUDGE**