IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| DARRELL McCLANAHAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:25-cv-05025-MDH |
| | ) | |
| DONALD J. TRUMP, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Plaintiff Darrell McClanahan's *Pro Se* Motion for recusal. (Doc. 6). Plaintiff asks this Court to assign a new judge to preside over this case; issue an order directing the Untied States Marshall Service to effect service of process of the initial Complaint and summons upon the named Defendants pursuant to 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3); and a waiver of any security bond requirement under Fed. R. Civ. P. 65(c) for any future requests for injunctive relief.

Under section 455(a), a judge is required to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned. 28 U.S.C. § 455(a). Under § 455(a), "disqualification is required if a reasonable person who knew the circumstances would questions the judge's impartiality, even though no actual bias or prejudice has been shown." *Fletcher v. Conoco Pipe Line Co.*, 323 F.3d 661, 664 (8th Cir. 2003) (quoting *United States v. Tucker*, 78 F.3d 1313, 1324 (8th Cir. 1996)). "A party introducing a motion to recuse carries a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise." *Pope v. Fed. Express Corp.*, 974 F.2d 982, 985 (8th Cir. 1992).

Here, the substance of the courts ruling are based on the law and do not include bias. Plaintiff argues that the Court's premature ruling on an example document creates a reasonable question of impartiality. However, Plaintiff stated within his Motion for Temporary Restraining Order "Example of Proposed Temporary Restraining Order – To be filed Electronically Upon Court's Acceptance of the Complaint[.]" (Doc. 2). Plaintiff also stated within his motion for *in forma pauperis* "I understand that the actual filing of the Motion for Temporary Restraining Order will occur once the Court has reviewed and approved the documents[.]" (Doc. 1-4, page 1). The Court granted Plaintiff's *Pro Se* Motion to Leave to Proceed *In Forma Pauperis* on April 8, 2025. (Doc. 3). The Court than proceeded on ruling on the proposed temporary restraining order as filed by Plaintiff on April 4, 2025. (Doc. 2). The Court has adjudicated the motion based on what was filed by Plaintiff and was done once his motion to proceed *in forma pauperis* was granted.

Further Plaintiff argues that the apparent disregard for standard U.S. Marshal Service for an indigent *pro se* plaintiff further supports a reasonable question of impartiality. However, Plaintiff never made a formal request to the Court for issuance and service of process on Defendants. "The officers of the court shall issue and serve all process and perform all duties in such cases." 28 U.S.C. § 1915(d). "At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specifically appointed by the court." Fed. R. Civ. P. 4(c)(3). "The Court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915[.]" *Id*. Additionally, summons cannot be issued until the complaint is filed and the summons can't be served until the summons are issued. Lastly, the complaint can't be filed until the motion for *in forma pauperis* motion is ruled on. Here, the Court ruled on the motion for *in forma pauperis* on April 8, 2025. (Doc. 3). The Complaint was filed on April 9, 2025, and Plaintiff had not requested the summons be issued until this current motion filed

on April 10, 2025. (Doc. 6).  Plaintiff has failed to carry his heavy burden of providing proof and does not overcome the presumption of impartiality. For the reasons stated herein, Plaintiff's Motion for Recusal is **DENIED**.

It is **FURTHER ORDERED** that upon the request of Plaintiff on April 11 the clerk shall issue summons to Defendants and the Marshal shall serve the summons issued.

**IT IS SO ORDERED.**

Dated: April 11, 2025                                      */s/ Douglas Harpool*
                                                                              **DOUGLAS HARPOOL**
                                                                              **UNITED STATES DISTRICT JUDGE**