UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF MISSOURI

SOUTHERN DIVISION

DARRELL LEON MCCLANAHAN III,

Plaintiff,

v.  Case No.: 3:25-CV-05025-MDH

DONALD J. TRUMP, in his official capacity as President of the United States;

UNITED STATES DEPARTMENT OF EDUCATION;

UNITED STATES DEPARTMENT OF JUSTICE,

Defendants.

**MOTION TO COMPEL EXPEDITED SERVICE OF PROCESS**

COMES NOW Plaintiff Darrell Leon McClanahan III, pro se, and respectfully moves this Court for an Order compelling expedited service of process upon the Defendants. In support thereof, Plaintiff states as follows:

1

## I. FACTUAL BACKGROUND

1. Plaintiff filed the Complaint in this matter on April 4, 2025 (ECF No. 1), challenging the constitutionality of Executive Order 13899, "Combating Anti-Semitism."

2. On April 11, 2025, the Court issued an Order directing the issuance of summonses and service by the United States Marshals Service pursuant to Fed. R. Civ. P. 4(c)(3) (ECF No. 8).

3. The Clerk of Court mailed the summonses and related materials to Plaintiff. Plaintiff immediately returned the service packets—containing properly completed and signed USM-285 forms, and summonses—via Registered Priority Mail to the U.S. District Court, Southern Division, in Springfield, Missouri, in accordance with Clerk's guidance.

4. The package was not delivered on Monday, April 28, 2025, due to postal delays, and on Tuesday, April 29, due to severe tornado activity in the region. The documents were finally marked delivered and received by the Courthouse on Wednesday, April 30, 2025.

5. The docket reflects that summonses were officially issued and forwarded to the Marshals on May 1, 2025 (ECF No. 12),. However, as of the date of this filing, service has not been effectuated, and no returns have been docketed.

6. Plaintiff's Motion for Temporary Restraining Order (ECF No. 10), filed on April 17, 2025, remains pending. The response deadline for Defendants has now passed. Further delay in service obstructs timely adjudication of urgent constitutional issues raised in that motion.

7. Plaintiff expresses sincere concern regarding the delay. While understanding that courts manage high caseloads, Plaintiff believes this delay, combined with the nature and gravity of the issues raised, creates an impression of procedural unfairness and unequal

2

treatment. Similar cases involving challenges to presidential actions have proceeded on an expedited basis, often with rulings on injunctive relief within days or weeks.

8. The current delay—despite Plaintiff's prompt compliance with procedural requirements—contributes to the ongoing deprivation of rights and underscores the need for judicial intervention. Plaintiff has previously moved for recusal of the presiding judge (ECF No. 13) based on concerns of systemic delays and impartiality.

II. ARGUMENT

A. Rule 4(c)(3) of the Federal Rules of Civil Procedure provides that a plaintiff proceeding in forma pauperis is entitled to service by the United States Marshals Service, and the Court may direct the same.

B. Rule 4(m) of the Federal Rules of Civil Procedure generally requires service within 90 days of filing the Complaint, but courts may act sooner to prevent prejudice, especially in matters involving constitutional claims.

C. Case Law Supports Judicial Intervention in Service Delays

1. While courts have a responsibility to ensure the fair and efficient administration of justice, the case of

Henderson v. Bolanda, 253 F.3d 928 (7th Cir. 2001): Addressed whether a plaintiff's claims were time-barred due to delays in service by the U.S. Marshal Service. The Seventh Circuit considered the circumstances of the delay in determining whether the statute of limitations should be tolled.

3

2. The Eighth Circuit in Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994): Held that a new claim for injunctive relief must be related to the claims in the original pleading to be considered at the temporary restraining order stage.

This underscores the importance of timely action when seeking preliminary injunctive relief to address alleged constitutional violations, as is the case here.

3. The Supreme Court in Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439 (1974): Clarified that the purpose of a temporary restraining order is to preserve the status quo and prevent irreparable harm until a hearing on a preliminary injunction can be held.

Undue delay in service undermines the efficacy of this crucial form of relief, particularly when constitutional rights are at stake.

D. Given the procedural history, including the delays encountered in effecting service through no fault of the Plaintiff, and the urgency of the constitutional claims raised in the Complaint and the pending Motion for Temporary Restraining Order, the Court's intervention to compel expedited service is warranted to prevent further prejudice and to ensure the timely adjudication of these critical issues.

III. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that this Honorable Court:

1. Compel the United States Marshals Service to effectuate service of process upon all named Defendants within ten (10) days of the entry of this Order;

4

2. Or, in the alternative, grant such further relief as this Court deems just and proper under the circumstances.

Respectfully submitted,

*[signature]*

Darrell Leon McClanahan III

Pro Se Plaintiff

24346 S. 2425 Rd.

Milo, Missouri 64767

(417) 388-9595

darrell4mogov@gmail.com

Dated: May 8, 2025

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing revised motion to recuse United States District Judge M. Douglas Harpool were served upon the Defendants, Donald Trump, the Department of Education, and the Department of Justice, on this 8 th day of May 2025, via U.S. Mail.

_____
Darrell Leon McClanahan III
Plaintiff, Pro Se