UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| DARRELL McCLANAHAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:25-cv-05025-MDH |
| ) | |
| DONALD J. TRUMP, et al., ) | |
| ) | |
| Defendants. ) | |

### DEFENDANTS' SUGGESTIONS IN OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER

On April 4, 2025, Plaintiff filed a motion for temporary restraining order seeking the Court enjoin the enforcement of Executive Order 13899 and it's expanded implementation.[1] Mot., ECF No. 2. The Court denied Plaintiff's motion, noting that Plaintiff had not shown that he would face irreparable harm absent an injunction as "no adverse actions ha[d] been taken against Plaintiff nor [was] there any indication that the Government will take adverse action in this case." Order Den. Mot. for TRO, ECF No. 4. Plaintiff moved for reconsideration, which the Court denied. Mot. for Recons., ECF No. 7; Order Den. Mot. for Recons., ECF No. 9.

Plaintiff has moved for a temporary restraining order a second time, ECF No. 10. The United States—on behalf of the United States Department of Justice, the United States Department of Education, and Donald J. Trump, in his official capacity as President of the United States—states that Plaintiff's renewed motion should be denied for the reasons stated below.

In its Order denying Plaintiff's initial motion, the Court noted that Plaintiff may refile his motion for a temporary restraining order "if Defendants seek economic harm or federal retaliation

---

[1] By "expanded implementation" of Executive Order 13899, Plaintiff appears to reference Executive Order 14188. *See* Additional Measures to Combat Anti-Semitism, 90 Fed. Reg. 8847 (Jan. 29, 2025); *see also* Compl. ¶ 22, ECF No. 5.

on Plaintiff based upon his speech or the current action." Order Den. Mot. for TRO, ECF No. 4. Plaintiff's renewed motion identifies no such attempts by Defendants—or by any agency of the United States—to seek economic harm against him, or to retaliate against him on the basis of his filing the instant action. Just as he did in his initial motion, Plaintiff alleges nothing beyond a vague fear that he will lose federal benefits. Mot. ¶ 30, ECF No. 10. Such vague fears are not sufficient to establish an injury-in-fact, let alone the "threat of irreparable harm" required for a TRO. *See Dataphase Sys., Inc. v. C.L. Syst., Inc.*, 640 F.2d 109, 14 (8th Cir. 1981); *Animal Legal Def. Fund v. Vaught*, 8 F.4th 714, 719 (8th Cir. 2021) ("A plaintiff's fear of enforcement must be objectively reasonable, meaning that the threat of enforcement may not be 'imaginary or wholly speculative.'") (quoting *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 246 (2014)); *see also Babbitt v. United Farm Workers Nat. Union*, 442 U.S. 289, 298–99 (1979) ("When plaintiffs do not claim that they have ever been threatened with prosecution, that a prosecution is likely, or even that a prosecution is remotely possible, they do not allege a dispute susceptible to resolution by a federal court.") (internal quotation omitted). To support the entrance of a TRO, "a party must show that the harm is certain and great and of such imminence that there is a clear and present need for equitable relief." *Roudachevski v. All-Am. Care Centers, Inc.*, 648 F.3d 701, 706 (8th Cir. 2011). Here, Plaintiff has alleged no facts indicating a reasonable belief that he will lose his federal benefits and no link between any prospective loss of his federal benefits and the challenged executive orders. Even if he had, economic loss can be remedied at law via a damages award, and thus does not present an instance of irreparable harm. *Iowa Utilities Bd. v. F.C.C.*, 109 F.3d 418, 426 (8th Cir. 1996) (quoting *Wisconsin Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985).

Plaintiff has attempted to overcome this by adding more detail to his assertion that Executive Orders 13899 and 14188 chill his speech. *Id.* ¶¶ 11–33. Plaintiff's allegations of chilled

speech are likewise insufficient to establish standing or a threat irreparable harm required to support the entry of a temporary restraining order. Plaintiff's renewed motion points to the following as reasons why his speech has been chilled:

1) A speculative inability to find the docket for this case online, Mot. ¶¶ 11–14, ECF No. 10;
2) Alleged retaliation and threatened Title VI enforcement against universities by the executive branch, *id.* ¶¶ 15–18, 24–25;
3) Alleged monitoring of political and religious speech by ICE and USCIS, *id.* ¶¶ 19–21;
4) Advancement of House Bill 937 in the Missouri House of Representatives, *id.* ¶¶ 24–25;
5) Public advocacy by non-governmental organizations for universities to adopt "zero-tolerance policies" regarding anti-Israel and antisemitic protests, *Id.* ¶¶ 26–27;
6) The Missouri Republican Party's attempt to remove Plaintiff from the gubernatorial ballot, *id.* ¶¶28–29;[2]
7) The "confrontational and inflammatory" language of EO 13899, *id.* ¶¶ 32–33.

Plaintiff appears to argue that each of these actions has chilled his "ability to engage in [anti-Israel and antisemitic] speech without fear of reprisal." *Id.* ¶ 27. As can be seen from the above list, many of these examples do not even implicate federal government action. For those that do, Plaintiff's allegations amount to nothing more than a "subjective chill," rather than a claim of specific present objective harm or threat of future harm. *See Balogh v. Lombardi*, 816 F.3d 536, 542 (8th Cir. 2016) ("A chilling effect on speech protected by the First Amendment can constitute an injury in fact, but '[a]llegations of a subjective "chill" are not an adequate substitute for a claim of specific present objective harm or a threat of specific future harm.'") (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 418 (2013)). As noted above, Plaintiff has alleged no facts indicating that he will lose his federal benefits as a result of his speech, nor otherwise be subject to any harm. His alleged "harm" is nearly identical to that which the Supreme Court found

---

[2]Megan Lebowitz, Missouri judge allows former 'honorary' member of KKK to remain on state's GOP primary ballot, NBC News (May 18, 2024), https://www.nbcnews.com/politics/2024-election/missouri-judge-allows-former-honorary-member-kkk-remain-states-gop-pri-rcna152933.

3

insufficient to support standing in *Clapper* and *Laird v. Tatum*, *i.e.* a chill which "arise[s] merely from the individual's knowledge that a governmental agency was engaged in certain activities or from the individual's concomitant fear that, armed with the fruits of those activities, the agency might in the future take some other and additional action detrimental to that individual." *Id.* (quoting *Laird v. Tatum*, 408 U.S. 1, 11 (1972)).

As Plaintiff cannot establish the existence of an injury-in-fact, he likewise cannot establish a threat of imminent harm absent injunction. Plaintiff's motion for temporary restraining order therefore fails the first two prongs of the *Dataphase* test. Likewise, for the reasons stated in the Court's prior Order, ECF No. 4, Plaintiff's motion fails the third and fourth *Dataphase* prongs. As such, the United States respectfully requests the Court deny Plaintiff's motion for temporary restraining order.

Respectfully submitted,

Jeffrey P. Ray
Acting United States Attorney

By:     */s/ Wyatt R. Nelson*
Wyatt R. Nelson
Assistant United States Attorney
Missouri Bar No. 72944
901 St. Louis Street, Suite 500
Springfield, MO 65806
Telephone: (417) 831-4406
Facsimile: (417) 831-0078
ATTORNEY FOR DEFENDANT
UNITED STATES OF AMERICA
Wyatt.Nelson@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of May 2025, a true and correct copy of the foregoing document was filed with the Court using the Court's CM/ECF system and was mailed to Pro Se Plaintiff via certified mail to the address listed below.

Darrell Leon McClanahan, III

24346 S. 2425 Road

Milo, Missouri, 64767

Pro Se

*/s/ Wyatt R. Nelson*
_____
Wyatt R. Nelson
Assistant United States Attorney